**NOT FOR PUBLICATION**

JAN 02 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RANDLES FILMS, LLC, a California limited liability company, | Nos. 11-57161; 12-55722 |
| Plaintiff - Appellee, | D.C. No. 2:10-CV-03909-SJO-SS |
| v. | |
| QUANTUM RELEASING, LLC, a Nevada limited liability company, | MEMORANDUM* |
| Defendant, | |
| and | |
| ECHO BRIDGE ENTERTAINMENT, LLC, a California limited liability company, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted December 4, 2013
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

Echo Bridge Entertainment ("EBE") appeals from the entry of judgment against it after a bench trial in the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err when it awarded $350,000 in actual damages to Randles Films based on Donald Randles' unrebutted testimony that the film *Torture Room*'s market value of $350,000 was reduced to zero because of EBE's infringement. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir. 1985).

Assuming without deciding that the district court awarded damages based on losses to Randles Films' worldwide distribution rights, the damages award was not in error. Although damages caused by foreign acts of infringement are not recoverable, the Copyright Act's extraterritoriality limitation does not bar recovery for losses that are caused entirely by domestic acts of infringement. *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1091 (9th Cir. 1994) (en banc) ("infringing actions that take place *entirely* outside the United States are not actionable.") (emphasis added); *see also Los Angeles News Service v. Reuters TV International*, 340 F.3d 926, 931–32 (9th Cir. 2003) (discussing the territoriality limitation and its exception in terms of foreign acts of infringement). It is

2

undisputed that EBE's infringement occurred wholly within the United States, thus Randles Films is entitled to recover all damages caused by that infringement. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) (reaffirming that damages analysis for copyright infringement is akin to tort principles of causation and damages."). The district court likewise did not err when it accepted testimony supporting Randles Films and rejected testimony supporting EBE in its causation analysis. *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 838 (9th Cir. 1995).

Finally, EBE's challenge to the district court's attorneys' fees award is without merit. The award was not barred by 17 U.S.C. § 412 because the screenplays upon which the film *Torture Room* was based were registered at the time of infringement. Infringement of the derivative film constituted infringement of the screenplays. *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir. 1979). The district court therefore acted within its discretion when it awarded fees to Randles Films as the prevailing party. 17 U.S.C. § 505.

**AFFIRMED.**